UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH GREGORY WILLIAMS,

          Plaintiff,         2:13-cv-00950-AA

        v.               ORDER

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. alleging violations of his constitutional rights arising out of the conditions of his confinement and defendants' alleged actions. Plaintiff's barely decipherable, rambling, handwritten *pro se* Amended Complaint (#55) is 48 single spaced pages long and alleges multiple "counts" or claims for relief.

    The state defendants[1] now move for partial summary

---

[1] The State defendants currently consist of defendants Amsberry, Clarke, Coursey, Fitzgerald, Galjour, Gower,

1 - ORDER

judgment "dismissing plaintiff's Claims II, III, VII, VIII, X, XI, XII and XIII" on the ground that plaintiff "has not exhausted his administrative remedies for those claims." Defendants' Partial Motion for Summary Judgment (#111) p. 2. Defendants concede that plaintiff has exhausted his remedies with "other matters." Id., p. 6.

The Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), requires inmates to exhaust all administrative remedies before filing an action under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 531-32 (2002). The law regarding the exhaustion requirement is well settled and need not be set forth in detail.   In short, the requirement is that exhaustion is "mandatory" and a "prerequisite to filing an action. Woodford v. Ngo, 548 U.S. 81, 85 (2006); Booth v. Churner, 532 U.S. 731, 736 (2001). The exhaustion requirement requires inmates to appeal a grievance decision to its highest level within the grievance system. See, Jones v. Bock, 549 U.S. 199, 218-19 (2007).

The Oregon Department of Corrections has a multi-level grievance system which is codified at OAR 291-109-0100 to 291-109-0190.  These rules were promulgated under the authority of

---

Hansen, Hascall, Lake, Lemems; Mitchell, O'Malley, Shelton, Sobotta, Taylor, Thornton, Van Houten, Vargo; and Williamsson.   State defendants Sprague, Hallman, and Kitzhaber have been dismissed with prejudice.  See, Order (#80).

ORS §§ 179.040, 423.020, 423.030, and 423.075.

The Declarations of Lizzie Allender (#112) and Nina Sobotta (#113) and attachments thereto establish that plaintiff did not file grievances concerning the matters alleged in claims II, XII and XIII. The declarations also establish that plaintiff filed grievances as to his claims III, VII, X, and XI, but did not appeals the grievances to the system's highest level (ie., exhaust administrative remedies as to those claims).

Plaintiff has not controverted the Declarations submitted by defendants and although he disputes minor details, he generally concedes that he has not exhausted remedies as contended by defendants. Plaintiff argues that defendants' motion should be denied "because the grievance system was not certified by the attorney general and does not meet the standards required by the Prison Litigation Reform Act or the Civil Rights of Institutionalized Persons Act." Plaintiff's Reply(s) (#124) and (#125).

Plaintiff's challenge to the adequacy of ODOC's grievance system is immaterial to defendants' motion. The issue before the court is whether plaintiff completed the grievance process for Claims II, III, VIII, X, XI, XII, and XIII. Whether plaintiff completed this process is a question of fact for the court and if the evidence viewed in the light most favorable

3 - ORDER

to plaintiff establishes a failure to exhaust, defendant is entitled to summary judgment. Albino v. Baca, 747 F.3d 1162, 1158 (9th Cir. 2014).

Defendants have presented evidence that plaintiff did not complete the grievance process as to the claims enumerated. Plaintiff has not presented any or sufficient evidence to create a material question of fact.

Therefore, the State Defendants' Partial Motion for Summary Judgment (#111) is allowed. Plaintiff's Claims II, III, VII, X, XI, XII, and XIII are dismissed (without prejudice) on the ground that plaintiff failed to exhaust administrative remedies with respect to those claims.

DATED this 5th day of September, 2015.

Ann Aiken
United States District Judge